UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMPRESA AEREA DE SERVICIOS Y FACI-  :
LITACION LOGISTICA INTEGRAL, S.A.,
d/b/a EASYFLY, S.A., a Colombian    :
corporation,
                                    :
          Plaintiff,
v.                                  :   Case No:

BLACK LION AVIATION CORP., a        :
Florida corporation, GREGORY T.
DUNN, an individual, and JEFFREY    :
BLACK, an individual,
                                    :
          Defendants.
                                    :
_____

**COMPLAINT**

Plaintiff, EMPRESA AEREA DE SERVICIOS Y FACILITACION LO-GISTICA INTEGRAL, S.A., d/b/a EASYFLY, S.A., a Colombian corporation, sues defendants, BLACK LION AVIATION CORP., a Florida corporation, GREGORY T. DUNN, an individual, and JEFFERY BLACK, an individual, and states:

1. Plaintiff, EMPRESA AEREA DE SERVICIOS Y FACILITACION LOGISTICA INTEGRAL, S.A., d/b/a EASYFLY, S.A., is a corporation organized, existing and in good standing under the laws of the Republic of Colombia, with its principal place of business in Bogota, Colombia.

2. Defendant, BLACK LION AVIATION CORP., ("BLACK LION") is a corporation organized and existing under the laws of the

State of Florida, with its principal place of business in Broward County, Florida.

   3.   Defendant, GREGORY T. DUNN ("DUNN"), is a resident of the State of Florida, and Broward County, Florida, and is an officer and shareholder of BLACK LION. At all times material hereto, DUNN acted as an agent and duly authorized representative of BLACK LION and has used the corporate form of BLACK LION for illegal, fraudulent and other unjust purposes as more fully set forth below.

   4.   Defendant, JEFFREY BLACK, ("BLACK"), is a resident of the State of Florida, and Broward County, Florida. At all times material hereto, BLACK acted as an agent and duly authorized representative of BLACK LION and has acted under the direct supervision and control of defendant DUNN.

   5.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) in that the matter in controversy exceeds the sum $75,000.00 exclusive of interest and costs and is between citizens of a State and a citizen of a foreign state.

   7.   Plaintiffs are obligated to pay their attorneys a reasonable fee for their services in pursuing this action.

**BACKGROUND FACTS**

8. At all times material hereto, plaintiff has been engaged in the business of operating a fleet of British Aerospace J-41 aircraft in connection with scheduled air passenger operations within the Republic of Colombia. In connection with its flight operations, plaintiff was regularly in need of replacement parts for its aircraft, including propeller blades and hubs.

9. On or about October 27, 2008, defendant BLACK made to plaintiff the following representations, to wit,

(a) that BLACK LION stocked parts for J-41 aircraft, and currently had in inventory J-41 "blades as well as propellers in stock and more on order;"

(b) that "we [BLACK LION] also have repair capabilities lined up for all parts on this aircraft;" and

(c) that BLACK LION would reserve blades and propellers for plaintiff upon being advised of plaintiff's needs.

10. In truth and in fact, BLACK LION had no J-41 parts in stock, had no blades or propellers in stock or on order, and had no repair capabilities for J-41 aircraft parts or components.

11. Despite BLACK LION's inability to supply or repair parts, blades or propellers as represented, defendant BLACK,

operating under defendant DUNN's supervision, continued to lead plaintiff to believe that BLACK LION was in a position to meet plaintiff's needs for replacement parts. In this connection, defendants solicited from plaintiff the sum of $135,600 in advance payment in order to secure the shipment of J-41 propeller blades to plaintiff.

12. On or about November 3, 2008, defendants specifically represented to plaintiff that they had J41 propeller blades in stock and ready for shipment to plaintiff.

13. On or about November 7, 2008, in reliance on defendants' representations as set forth above, plaintiff wired to defendant, BLACK LION, the sum of $135,600 in payment for a shipment of J41 propeller blades.

14. On or about November 17, 2009, defendant BLACK made to plaintiff the following representations, to wit:

(a) that "unfortunately, 2 sets [of the propeller blades] were sold before your wire transfer was received;"

(b) that "I have more coming in and I am waiting for the exact dates;" and

(c) that "I am scheduling these blades for delivery for 5 airlines worldwide."

15. In truth and in fact, BLACK LION had no J-41 propellers before plaintiff's wire transfer was received, there were

no other propellers "coming in;" and there were no blades scheduled for delivery to any other airlines. Nevertheless, BLACK LION continued to retain plaintiff's $135,600 on the continuing representation that propellers would soon be available.

16. On or about December 10, 2008, defendant BLACK made to plaintiff the following representations, to wit:

(a) that the manufacturer (McCauley), was behind in the production of propeller blades;

(c) that the first sets of propeller blades completed by McCauley would be sent to BLACK LION;

(d) that McCauley advised BLACK that the propellers "will now be available within the next few weeks;"

(e) that "McCauley is so far behind now that any blades ordered after December 15, will not be delivered until March."

17. In truth and in fact, as of December 10, 2008, BLACK LION was not scheduled to receive any propeller blades from McCauley, and BLACK LION had not placed any orders with McCauley. Moreover, BLACK LION was incapable of placing orders with McCauley because it was not an authorized McCauley dealer. Nevertheless, BLACK LION continued to retain plaintiff's $135,600 on the continuing representation that the propeller blades would soon be available.

18. On or about December 17, 2008, BLACK advised plaintiff that the first order for the propellers would be delivered before January 15, 2009. Again, BLACK LION continued to retain plaintiff's $135,600 on the continuing representation that propellers would be available in less than a month.

19. On or about December 18, 2008, BLACK made to plaintiff the following representations, to wit:

(a) that "McCauley finally has production on these blades under control;"

(b) that "McCauley is preparing the first shipment to us;" and

(c) that "McCauley has asked us for an additional payment to meet these deadlines."

20. On or about February 9, 2009, plaintiff finally received two new sets of propeller blades from BLACK LION for which BLACK LION is entitled to receive a credit of $67,800.00

21. During the period from mid-February, 2009, through mid-October, 2009, defendants repeatedly represented to plaintiff that J-41 propeller blades were in extremely short supply, that it was necessary to pay in advance in order to reserve the blades, that the McCauley's production of new blades was continuing to fall behind demand for the blades, and that shipment of the blades was repeatedly delayed due to matters

beyond defendants' control. During this same period, plaintiff urgently needed replacement propeller blades in order to continue flying and stay in business.

22. In reliance on defendants' continuing representations, and in compliance with defendants' continuing demands for advance payment, plaintiff wired to defendant, BLACK LION, the sum of $135,600.00 on April 23, 2009, and an additional amount of $32,024.60 on July 22, 2009. However, defendants continued to fail to deliver the blades as promised.

23. On or about October 12, 2009, plaintiff finally received delivery of a third propeller blade set for which BLACK LION is entitled to receive a credit of $33,900.

24. At all times after October 12, 2009, up to and including the date of this complaint, defendants have provided no additional propeller blades to plaintiff, defendants have ignored plaintiff's efforts to communicate with them, and, although defendants had finally admitted that BLACK LION was not an authorized dealer for McCauley, that BLACK LION was not an authorized FAA repair station, and that BLACK LION had no independent source for obtaining J41 propeller blades, defendants have continued to retain plaintiff's funds in the amount of $201,524.60, despite plaintiff's repeated demands for the return of its money.

## COUNT ONE

Plaintiff sues BLACK LION, DUNN and BLACK and alleges:

25. Plaintiff realleges ¶¶ 1 through 24 above.

26. This is a claim for civil theft arising under §§ 772.11 and 812.014, Fla.Stat.

27. Defendants knowingly obtained and used plaintiff's money with the felonious intent to, either temporarily or permanently, deprive plaintiff of the right to its money and to appropriate the money to their own use in violation of § 812.014(1), Fla.Stat.

28. As a result, plaintiff has been injured because of defendants' violation of the statutory law of the State of Florida and plaintiff has lost its $201,524.60, together with consequential damages and interest on the total amount of its losses.

29. Before filing this action plaintiff made written demand for three times the amount of money taken by defendants from plaintiffs.

WHEREFORE plaintiff demands judgment for treble damages and attorney fees against defendants.

## COUNT TWO

Plaintiff sues BLACK LION, DUNN and BLACK and alleges:

30. Plaintiffs reallege ¶¶ 1 through 24 above.

31. This is a claim arising under Chapter 501, Part II, Florida Statutes.

32. Plaintiff is a "consumer" per § 501.203(7), Florida Statutes.

33. Defendants engage in "Trade or Commerce" within the meaning of § 501.203(8), Florida Statutes.

34. As a proximate cause of defendants' wrongful conduct, plaintiff has been damaged as more fully set forth above.

35. Defendants' conduct was both unfair and deceptive.

36. Plaintiff is entitled to recover its damages from defendants pursuant to the provisions of § 501.211(2), Florida Statutes.

37. Plaintiff is entitled to recover its attorneys fees from defendants pursuant to the provisions of §§ 501.2105 and 501.211(2), Florida Statutes.

WHEREFORE plaintiff demands judgment for damages and attorneys' fees against defendants, and for such other relief as deems appropriate.

## COUNT THREE

Plaintiff sues BLACK LION, DUNN and BLACK and alleges:

38. Plaintiffs reallege ¶¶ 1 through 24 above.

39. This is a claim for fraudulent misrepresentation.

40. Defendants DUNN and BLACK intentionally made false statements of material fact to plaintiff, to wit: (1) that BLACK LION had propeller blade sets in inventory and ready for dispatch; (2) that BLACK LION was an authorized McCauley representative; (3) that BLACK LION was an authorized FAA Repair Station; and (4) that BLACK LION was capable of providing propeller blades for plaintiff's aircraft.

41. At the time of making the statements alleged in ¶ 40 above, DUNN and BLACK had no basis for believing that the stated matters were true. Thus, the statements alleged in ¶ 40 above were false when made by DUNN and BLACK.

42. At the time of making the statements alleged in ¶ 40 above, DUNN and BLACK knew that the statements were false when they made them; or they made the statements knowing they were without knowledge as to whether the statements were true or false.

43. In making the statements alleged in ¶ 40 above, DUNN and BLACK intended that plaintiff would rely on the false statements.

44.  Plaintiff relied on the statements alleged in ¶ 40 above and in justifiable reliance thereon, plaintiff paid to BLACK LION the sum of $201,524.60.

45.  As a result of their justifiable reliance on the statements alleged in ¶ 40 above, plaintiffs have lost their $201,524.60, together with consequential damages and interest on the total amount of their losses.

WHEREFORE, plaintiff demands judgment for damages against defendants.

## COUNT FOUR

Plaintiff sues defendants and alleges:

46.  Plaintiffs reallege ¶¶ 1 through 24 above.

47.  This is a claim for negligent misrepresentation.

48.  Defendants DUNN and BLACK made false statements of material fact to plaintiff, as more fully set forth in ¶ 40 above.

49.  At the time of making the statements alleged in ¶ 40 above, plaintiff believed the statements to be true but the statements were in fact false.

50.  At the time of making the statements alleged in ¶ 40 above, defendants DUNN and BLACK were negligent in making the statements because they should have known the statements were false.

51. In making the statements alleged in ¶ 40 above, defendants DUNN and BLACK intended that plaintiff would rely on their statements.

52. Plaintiff justifiably relied on the statements alleged in ¶ 40 above and in reliance thereon, plaintiff paid to defendants the sum of $201,524.60.

53. As a result of its justifiable reliance on the representations alleged in ¶ 40 above, plaintiff has lost its $201,524.60, together with consequential damages and interest on the total amount of its losses.

WHEREFORE, plaintiff demands judgment for damages against defendants.

### COUNT FIVE

Plaintiff sues defendants and alleges:

54. Plaintiff realleges ¶¶ 1 through 24 above.

55. This is a claim for conversion.

56. In or about October 2009, defendants converted to their own use plaintiff's funds in the amount $201,524.60 that were then and there the property of plaintiff.

WHEREFORE plaintiff demands judgment for damages against defendants.

**COUNT SIX**

Plaintiff sues BLACK LION and alleges:

57. Plaintiffs reallege ¶¶ 1 through 24 above.

58. This is a claim for breach of contract.

59. In or about October 2009, BLACK LION breached the parties' agreement of November 2008, by failing and refusing to refund the $201,524.60 paid by plaintiffs as and for the purchase of propeller blades.

60. Plaintiff has fully performed all acts and conditions, followed all procedures and done all things that it agreed to do and/or was obligated to do under the terms of the parties' agreement.

61. As a result of BLACK LION's breach of the parties' agreement, plaintiff has suffered damages, including the loss of its $201,524.60, together with consequential damages and interest on the total amount of their losses.

WHEREFORE, plaintiff demands judgment for damages against defendant BLACK LION.

**COUNT SEVEN**

Plaintiff sues defendant BLACK LION and alleges:

62. Plaintiffs reallege ¶¶ 1 through 24 above.

63. This is an alternative claim for unjust enrichment.

64. Plaintiff conferred a benefit on defendant BLACK LION, who has knowledge thereof.

65. Defendant BLACK LION voluntarily accepted and retained the benefit conferred.

66. Under the circumstances involved, defendant's retention of the benefit without repaying the sum of $201,524.60 is inequitable.

67. Defendant BLACK LION has been unjustly enriched at plaintiff's expense.

68. Plaintiff is entitled to recover damages resulting from defendant's unjust enrichment, including disgorgement of the sum of $201,524.60.

WHEREFORE, plaintiff demands judgment for damages against defendant BLACK LION and for such other relief as the court deems appropriate.

S/ Carl H. Hoffman_____
Carl H. Hoffman (Florida Bar No: 118997
Attorney E-mail address: chh@hoffhertz.com
HOFFMAN & HERTZIG, P.A.
901 Ponce de Leon Blvd., Suite 500
Coral Gables, FL 33134
Telephone: (305)445-3100 Ext. 104
Facsimile: (305)444-5656
Attorney for Plaintiff